IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DAVID HARRIS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-4257-CV-C-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
|     Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

    Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability and supplemental security income ("SSI") benefits. The Commissioner's decision is reversed and the case is remanded for further proceedings.

1.    The ALJ accorded "considerable weight" to the opinions of Dr. Miriam Borden, Plaintiff's treating rheumatologist. R. at 15. Among her opinions was one indicating Plaintiff would need to "miss work one to two times a month." R. at 15 (citing R. at 793). However, there is no evidence as to the vocational effect of missing one to two days of work a month. Counsel asked the vocational expert ("VE") whether a person who needed to "miss work at least two days a month because of increased pain [and] weakness" could work, and the ("VE") testified that such a person could not. R. at 55. The ALJ asked whether an absence of "only one day a month" would preclude work, and the VE testified that it would not. R. at 64. Neither of these questions mirrors the limitation contained in Dr. Borden's opinion that was seemingly adopted by the ALJ.

    On remand, the ALJ must complete some combination of the following: (1) elicit evidence about the vocational effect of missing one to two days of work per month, (2) explain why Dr. Borden's opinion is not being accepted *en toto* in favor of a finding that Plaintiff will need to miss no more than one day of work per month, or (3) elicit clarifying

substantial evidence in the Record. On the other hand, the Record does not support the ALJ's contrary conclusion. For instance, the ALJ cites two documents to support the conclusion that Plaintiff "had tested positive for marijuana on more than one occasion." R. at 19. One references the fact that Plaintiff was no longer prescribed narcotic pain medication because Plaintiff "tested positive for cannabis." R. at 426. There is no indication as to *when* this happened, so it does not support the ALJ's conclusion that Plaintiff was still using marijuana when Dr. Mahal rendered his opinion. The other document appears to be a lab report, but it is not apparent to the Court that there is anything referring to marijuana use. R. at 674. Moreover, two isolated uses of marijuana months apart does not substantiate continuous drug use. Finally, the ALJ does not cite any evidence suggesting Plaintiff continued using alcohol.

The Commissioner's Brief essentially urges the Court to hold that Plaintiff did not have a severe mental impairment when he used drugs and alcohol because there were occasions "when Plaintiff denied substance and alcohol use [and] he also denied any history of depression." Commissioner's Brief (Doc. # 14) at 5-6. The problem is that the ALJ found there were no such occasions when Plaintiff was not using drugs and alcohol, so the Court cannot adopt this reasoning.

On remand, the issues of Plaintiff's drug and alcohol use and the resulting effects needs to be addressed with greater specificity. Given the timing of Dr. Mahal's opinion, it would be useful to know whether Dr. Mahal was offering an opinion about Plaintiff's state (1) while using or (2) while trying to stop using. If the latter, it may be that Plaintiff's condition would not be expected to last more than one year. If the former, then there would be support for the ALJ's conclusion. On remand, the ALJ should also elicit other evidence that more specifically addresses Plaintiff's condition when he is not abusing drugs and alcohol. Finally, while it might be the case that Plaintiff has never stopped abusing drugs and alcohol, clearer evidence supporting such a conclusion must be identified.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 19, 2014   UNITED STATES DISTRICT COURT